UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAIRE BLANCHARD,

Plaintiff,

v.

CAROLYN W. COLVIN,

Defendant.

Case No.  14-cv-03143-VC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 14, 15

Claire Blanchard brings this action for judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under the Social Security Act.  The parties have filed cross-motions for summary judgment.  Because the ALJ's findings were deficient, at least as to the period beginning in January 2009, the plaintiff's motion is granted in part.  The defendant's motion is denied.  The parties are familiar with the facts and the applicable standard of review, so the Court does not recite them here.

The ALJ's decision did not set forth specific, legitimate reasons for rejecting the opinions of two of Blanchard's doctors.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Blanchard's treating doctor, James Rhee, opined (among other things) that Blanchard needed to alternate between sitting and standing every 15 minutes throughout the day.  The ALJ concluded that Dr. Rhee's "opinions are not well supported by the medical evidence of record, including evidence that the claimant responded well to treatment and continued to seek work during the period of treatment," and so gave "little weight" to Dr. Rhee's assessment.  AR 28.[1]  But the fact that Blanchard "responded well to treatment," and

---

[1]  Because the ALJ essentially rejected Dr. Rhee's opinion in its entirety, the ALJ did include, in the hypotheticals posed to the vocational expert, any mention of the requirement (as opined to by Dr. Rhee) that Blanchard alternate between sitting and standing every 15 minutes.  As a result, the Court cannot determine, on the record before it, whether this limitation would preclude Blanchard from performing her past sedentary or light work.  *Cf. Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) ("Because the hypothetical posed by the ALJ to the vocational expert did not reflect all

the fact that she "continued to seek work," are not necessarily inconsistent with Dr. Rhee's opinion about Blanchard's functional capacity—including his conclusion that she needed to alternate between sitting and standing every 15 minutes—so they do not qualify as "specific and legitimate" reasons for rejecting Rhee's opinion.[2]

Nor is the ALJ's broad statement that Dr. Rhee's opinion was "not well supported by the medical evidence of record" a "specific . . . reason" for rejecting that opinion.  *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ's rejection of treating physician's report as "entirely contrary to the clinical findings in the record and the claimant's activities and interests" was "broad and vague, failing to [adequately] specify why the ALJ felt the treating physician's opinion was flawed"); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").  This is so even when findings from the medical records are listed seriatim in the ALJ's decision.  *Embrey*, 849 F.2d at 421; *see also id.* ("[The ALJ] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects.  This approach is inadequate.").

The reasons the ALJ gave for rejecting the opinion of an examining physician, Dr. Emily Cohen, are similarly deficient.[3]  Dr. Cohen opined, among other things, that Blanchard "cannot be expected to keep her head in a static position for long periods of time," and that she needed "frequent breaks" from sitting.  AR 797.  The ALJ stated that she gave "little weight" to Dr. Cohen's assessment because "her opinion are [sic] not well supported by the medical evidence of record, including evidence in Dr. Cohen's own report indicating that the claimant was capable of

---

of Embrey's limitations, the expert's opinion has no evidentiary value and cannot support the ALJ's decision.").

[2]  "Occasional symptom-free periods—and even the sporadic ability to work—are not inconsistent with disability."  *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Indeed, Social Security regulations specifically allow claimants to seek work on a trial basis to "test [their] ability to work" while they are disabled.  20 C.F.R. § 404.1592.

[3]  Like the opinion of a treating physician, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  *Lester*, 81 F.3d at 830–31.

United States District Court
Northern District of California

United States District Court
Northern District of California

full range of motion in her joints and effective postural positions and ambulation."  But again, the

need for frequent breaks is not necessarily inconsistent with a full range of motion.  And the

general assertion that Dr. Cohen's findings are not supported by the record is insufficient.  Nor

does this assertion appear to be fully correct, because Dr. Cohen's finding that Blanchard needed

frequent breaks is arguably corroborated by Dr. Rhee's finding, discussed above, that Blanchard

needed to switch positions every 15 minutes.[4]

The Commissioner's motion for summary judgment presents a number of additional

justifications for rejecting Dr. Rhee's and Dr. Cohen's opinions.  While these reasons may well be

sound, the Court is "constrained to review the reasons the ALJ asserts."  *Connett v. Barnhart*, 340

F.3d 871, 874 (9th Cir. 2003).  It would be "error . . . to affirm the ALJ's . . . decision based on

evidence that the ALJ did not discuss."  *Id.*; *see also Vista Hill Found. v. Heckler*, 767 F.2d 556,

559 (9th Cir. 1985) ("The Commissioner's post-hoc justifications will not be considered: a

reviewing court may affirm an administrative decision only on grounds articulated by the

agency.").

In contrast to the ALJ's rejection of Dr. Rhee's and Dr. Cohen's opinions, the ALJ

provided sufficiently specific reasons for rejecting the opinion of psychologist Ede Thomsen, who

examined Blanchard in October 2010.  Based on this examination, which included a number

psychological tests, Dr. Thomsen opined that Blanchard's "social alienation" and "trouble

participating in social situations," along with Blanchard's "difficulty with most areas of her

cognitive functioning," "could interfere with accurate reasoning and sound judgment" and "make[]

her ability to be successful at a job site severely limited."  AR 746.  But, as the ALJ noted,

Blanchard's reported activities such as attending parties and taking weekend trips with friends

were not consistent with social isolation.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

---

[4]  The ALJ, having rejected the opinion of Dr. Cohen, did not have occasion to ask the vocational expert whether the need to take frequent breaks from sitting would preclude Blanchard from performing her past sedentary or light work.  And while the ALJ did inquire whether Blanchard would be able to perform her past work if she were unable to keep her neck in a static position for longer than 15 minutes without changing positions (in response, the vocational expert opined that such a limitation would preclude Blanchard from performing her past work, AR 89), it is not clear that Dr. Cohen's opinion that Blanchard could not hold her head in a static position for "long periods" would necessitate her taking breaks every 15 minutes.

595, 603 (9th Cir. 1999) (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that claimant's self-reported activities of daily living contradicted that conclusion).  The ALJ also noted that two other doctors, psychologist Robert Bilbrey and consultative examiner Roxanne Morse, had opined that Blanchard could relate to and interact with coworkers and supervisors.  AR 24.

With respect to Dr. Thomsen's opinion that Blanchard could not sustain simple or complex tasks for up to eight hours, the ALJ noted that Blanchard had been able to work as a caregiver for an infant, a "position which generally requires extreme diligence in job duties and high levels of concentration."  AR 25.  Additionally, the ALJ noted that Drs. Bilbrey and Morse had found that Blanchard performed adequately on concentration tests, and that Dr. Morse had opined that Blanchard's thought process was linear and that she exhibited good insight and judgment.  *Id.*  As a result, the ALJ's finding that Blanchard did not suffer from a severe mental impairment is supported by substantial evidence.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citations and internal quotation marks omitted)).

Accordingly, Blanchard's motion is granted in part.  The case is remanded for a redetermination of Blanchard's eligibility for disability benefits during the closed period.[5]  *See Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

---

[5]  It is not clear from the record the extent to which Dr. Rhee's and Dr. Cohen's reports were retrospective.  In other words, it is not clear whether the reports contained the doctors' opinions about Blanchard's functional capacity throughout the closed period, or whether they only provided the doctors' opinions as to Blanchard's abilities and limitations at the time the report was given. And it is clear from the record that Blanchard's condition was not constant throughout the three-and-a-half year closed period.  Therefore, if, on remand, the ALJ reevaluates these doctor's opinions and determines that they are entitled to additional weight, the ALJ should also consider whether and to what extent the reports serve as retroactive evidence of Blanchard's condition during the portion of the closed period before the reports were made.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated:  June 2, 2015

_____

VINCE CHHABRIA
United States District Judge